OPINION
PER CURIAM.
On August 11, 2009, Glenn A. Worley filed this pro se mandamus petition. The *949 petition consists of generalized allegations that his constitutional rights have been, and continue to be, denied in the district court proceedings initiated by the Internal Revenue Service pursuant to 26 U.S.C. § 7604(a).[1] Thus, it is not entirely clear as to what specific relief Worley is seeking.[2]
Mandamus is a drastic remedy available only in the most extraordinary of circumstances. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir.2005). To demonstrate that mandamus is appropriate, a petitioner must establish that he has “no other adequate means” to obtain the relief and that he has a “clear and indisputable” right to issuance of the writ. Madden v. Myers, 102 F.3d 74, 79 (3d Cir.1996). The utter lack of specificity in Worley’s petition precludes him from meeting that standard.
Accordingly, we will deny Worley’s mandamus petition.

. Section 7604(a) ”confer[s] jurisdiction on the federal district courts to enforce a summons issued by the IRS.” Church of Scientology of Cal. v. United States, 506 U.S. 9, 11 n. 4, 113 S.Ct. 447, 121 L.Ed.2d 313 (1992).

. Worley, for example, requests that we "provide due process of law,” "provide equal protection under the law,” and “acknowledge and uphold the Constitution of the United States of America as the Supreme Law of this court, in this matter.” These are inappropriate requests for a mandamus petition. Cf. In re Patenaude, 210 F.3d 135, 140 (3d Cir.2000). To the extent, however, that at the time he filed this petition Worley was seeking an order from this Court directing the District Court to rule on his then-pending "motion for disqualification of Senior Judge Sylvia H. Rambo,” we note that the District Court's resolution of the motion, see United States v. Worley, No. 09-mc-00142, dkt # 55, 2009 WL 2859037 (M.D.Pa. Sept. 3, 2009), has rendered that request moot.